Lac NGUYEN, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 05–73353.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2009.

Filed June 23, 2009.

Alexander H. Lubarsky, Esquire, Yevgeniy Chechenin, San Mateo, CA, for Petitioner.

David V. Bernal, Assistant Director, Stuart Nickum, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, B. FLETCHER and HAWKINS, Circuit Judges.

MEMORANDUM *

Lac Nguyen, a native and citizen of Vietnam, petitions for review of the Board of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' (BIA) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

## I.

In his initial asylum application and in his asylum interview, Nguyen acknowledged that, as part of his duties in the South Vietnamese Army, Nguyen sought out and interrogated communists and North Vietnamese sympathizers, including the civilian parents of North Vietnamese soldiers. Nguyen told the asylum officer that his military unit beat individuals in order to extract information, and, if none was forthcoming, they would transfer individuals to "Room 2," where they were tortured. At his hearing before the immigration judge Nguyen denied having made such statements, despite the asylum officer's testimony to the contrary and the officer's notes documenting the interview, which Nguyen had signed. The immigration judge found that Nguyen had not testified credibly at the hearing and denied the application. Nguyen appealed to the BIA, arguing that his testimony was consistent and that he received ineffective assistance of counsel in his administrative hearing. The BIA dismissed the appeal in a one-member order.

## II.

Under the so-called "persecutor bar" to asylum eligibility, any person who has "ordered, incited, assisted, or otherwise participated in" persecution of any person on account of a protected ground is ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42) (excluding such persons from the definition of "refugee"), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). Similarly, past persecutors are ineligible for withholding of removal under CAT, *see* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. §§ 208.16(d)(2), 1208.16(d)(2), although they are eligible for deferral of removal under CAT. *See Miranda Alvarado v. Gonzales*, 449 F.3d 915, 925 n. 7 (9th Cir. 2006);[1] 8 C.F.R. §§ 208.17(a), 1208.17(a).

■ Nguyen admitted to assisting in the persecution and possible torture of others on account of their association with communism. While Nguyen later repudiated his statements, the immigration judge was justified in making an adverse credibility finding given the asylum officer's testimony as to the procedure used in the interview, including how the interview notes were produced, Nguyen's admission to being under oath during the interview, the presence of an interpreter at the interview, and Nguyen's admission that he signed the interview notes. *Cf. Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004) (finding applicant's airport interview statement sufficiently reliable where the exam-

---

**1.** *Miranda Alvarado* and other cases interpreting the persecutor bar under the Immigration and Nationality Act (INA) have relied on the Supreme Court's opinion in *Fedorenko v. United States*, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981), for guidance, although *Fedorenko* concerns the Displaced Persons Act rather than the INA. 449 U.S. at 495, 101 S.Ct. 737. *Negusie v. Holder,* —— U.S. ——, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009), recently clarified that *Fedorenko* does not control the question of whether an alleged perse-

cutor can claim a defense of duress or coercion. *Id.* at 1166–67, 173 L.Ed.2d at 29–30. However, *Negusie* does not affect our reliance on *Fedorenko* to understand what kind of conduct constitutes persecution or assistance in persecution. Since there is no question here that Nguyen acted voluntarily, there is no need to remand in light of *Negusie*, and the question of whether Nguyen participated in persecution can be decided based on existing circuit precedent.

ining officer testified as to procedures used); *Singh v. Gonzales,* 403 F.3d 1081, 1087–88 (9th Cir.2005) (finding asylum interview summary unreliable where interview was not conducted under oath, petitioner had no opportunity to comment on evidence presented in interview, and asylum officer did not testify at removal hearing). Substantial evidence, then, supports the BIA's decision that Nguyen is ineligible for asylum and withholding of removal, including withholding of removal under CAT, because of the persecutor bar.

■ It is undisputed that Nguyen was arrested and beaten several times by Vietnamese authorities because of his prior role in the South Vietnamese Army and statements against the government. But because Nguyen was last imprisoned in 1983 and lived without incident in Vietnam until 2001, when he came to the United States, substantial evidence supports the BIA's finding that Nguyen has not shown it more likely than not that he will be tortured upon his return to Vietnam. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003) (explaining that under CAT the petitioner has the burden of showing that it is more likely than not he will be tortured upon returning to his country of origin). Nguyen is therefore ineligible for deferral of removal under CAT.

■ Finally, Nguyen also argues that he received ineffective assistance of counsel. In light of his prior admissions, however, Nguyen cannot show that he was prejudiced by his attorney's failure to more fully cross-examine the asylum officer or call his sister to testify, since there is no indication that any of this would have changed the outcome. Even if we assume that Nguyen met the procedural requirements of *Matter of Lozada,* 19 I. & N.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Dec. 637 (BIA 1988), the BIA did not err in denying Nguyen's ineffective assistance claim.

For the foregoing reasons, the petition for review is **DENIED**.